**YARIJANIAN & ASSOCIATES**
*A Professional Corporation*
dba **Student Rights Attorneys**
Hamlet Yarijanian, SBN 314519
Marian Saad, SBN 319110
4340 N. Eagle Rock Blvd.
Los Angeles, CA 90041
Phone: (626) 768-3422
Facsimile: (626) 768-3405
Attorneys for Plaintiffs
hamlety@gmail.com

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| In the Matter of RICHIE GARCIA, PARENT OF KRISTINE SANCHEZ, ADULT STUDENT<br><br>Plaintiff,<br><br>vs.<br><br>BELLFLOWER UNIFIED SCHOOL DISTRICT<br><br>Defendant. | Case No.:<br><br>**COMPLAINT** |

## I.  Preliminary Statement

This action is brought by Richie Garcia, parent of Kristine Sanchez an adult Student, and seeks reasonable attorneys' fees pursuant to the Individuals with Disabilities Education Act, (IDEA) 20 U.S.C. §1401 et seq..

## II.  Jurisdiction

**COMPLAINT**

1

1. This court has jurisdiction pursuant to 20 U.S.C. §1415(e)(4).

### III.     Parties

2. Plaintiffs, Richie Garcia is the biological parent of a child with disabilities, a then- minor, K.S., who resided in Bellflower, California during the time of the action giving rise to this Complaint.
3. Defendant, Bellflower Unified School District, is established by the laws of the State of California with the responsibility of providing education, including special education, to disabled children residing in Bellflower. Unified School District receives federal funds from the United States Department of Education pursuant to the Individuals with Disabilities Education Act (IDEA).

### IV.     Factual Allegations

4. On January 28, 2020, Richie Garica requested a special education hearing from the Office of Administrative Hearings (OAH) to resolve disputed issues between himself and the Bellflower Unified School District, concerning the provision of special education to K.S. (Attachment A).
5. Mr. Garica's hearing request stated that the defendant District had failed to provide a free appropriate public education to his daughter, K.S. pursuant to IDEA.
6. In their hearing request, Mr. Garica also stated that the defendants had:

**Issue One:** *District denied Student a free appropriate public education, commonly referred to as a "FAPE", by failing to refer Student for an assessment of a suspected disability in the area of educationally related mental health services (ERMHS).*

**Issue Two:** *District denied Student a free appropriate public education by failing to appropriately assess Student in the area of psycho-education on April 18, 2018.*

**Issue Three**: *District denied Student a FAPE, by failing to refer Student for an assessment of a suspected disability in the area of speech and language.*

**Issue Four**: *District denied Student a FAPE, by failing to provide Student speech and language as a related service to help support her communicative and pragmatic goals pursuant to Student's April 18, 2018 IEP.*

*Issue Five*: District denied Student a FAPE from January 28, 2018 through April 18, 2018 as the goals were not reasonably calculated to ensure meaningful educational benefits.

*Issue Six:* District denied Student a FAPE starting January 28, 2018 through April 18, 2018 to call an IEP meeting to revise the goals and services.

*Issue Seven*: District denied Student a FAPE in the April 18, 2018 IEP, as amended on October 3, 2018, by failing to offer her the following, which were needed to sufficiently provide Student with some educational benefit:
    a. *appropriate present levels of performance;*
    b. *appropriate goals in the areas of:*
        i. *social emotional;*
        ii. *transition; and*
        iii. *functional skills; and*
    c. *adequate services in the areas of:*
        i. *counseling;*
        ii. *transition; and*
        iii. *functional skills.*

7. It should be noted that Issue 7(b)(ii) and 7(c)(ii) was withdrawn on May 13, 2020, by Student.
8. On May 12, 13, 14, and 15 2020, Office of Administrative Hearings, Judge Cararea Lucier convened a special education due process hearing to address the issues in dispute.
9. Attorney Hamlet Yarijanian and Marian Saad represented Richie Garcia and K.S. at the hearing. Mr. Garcia was the only biological parent present on all days of the hearing.
10. On July 07, 2020, Administrative Law Judge Cararea Lucier ruled that Student was the prevailing party on Issues: One, Two, Three, Four and Issue seven, subsection b and partly prevailed on Issue Seven, subsection C. Bellflower Unified School District prevailed on Issues: Four and five as well as partly prevailed on Issue seven, subsection C.
11. On April 1, 2021, pursuant to the Individuals with Disabilities Education Act and on behalf of Richie Garica, K.S, and Yarijanian & Associates, PC**.,** requested payment of attorneys' fees and costs totaling $ 87,507.00 from the Bellflower Unified School District. (Attachment B).
12. The request included detailed contemporaneous time records explaining the time Mr Garcia's attorneys spent representing them. (Attachment C).
13. This figure represents the following Attorney level expenditure:

**COMPLAINT**

3

   a. Attorney Hamlet Yarijanian expended approximately one hundred ninty eight (198.14) hours at his then rate of $350.00, which was increased in 2020 to $375.00, per hour on the OAH Due Process filing and the OAH Hearing participation.
   b. Attorney Marian Saad expended approximately forty-one (41) hours on the OAH Due Process filing at her then rate of $300.00, per hour on the OAH Due Process filing and the OAH Hearing participation.

## V. Cause of Action

14. Paragraphs one through thirteen are incorporated by reference as if fully set forth herein.
15. Plaintiff, as the prevailing party under the Individuals with Disabilities Education Act, is entitled to an award of attorneys' fees and costs for legal representation by Yarijanian & Associates, pc, collectively.

**WHEREFORE,** Plaintiff prays for the following relief:

1. That this Court takes jurisdiction of this matter.
2. That, pursuant to the Individuals with Disabilities Education Act, this Court award plaintiff reasonable attorneys' fees and costs of $87,507.00 in addition to attorneys' fees and costs for the representation provided in this action.
3. Any additional relief this Court deems appropriate.

Respectfully submitted,

DATED: May 11, 2021

Hamlet Yarijanian
Attorney for Plaintiffs

**COMPLAINT**

4